

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

Hon. Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-3754
Re: Assessment of 25% penalty for
late payment franchise tax--Con-
struction of H.B. No. 8, Article
VIII, Acts 47th Legislature.

We are in receipt of your letter of June 20, 1941, requesting an opinion concerning the collection of the 25% penalty for late payment of franchise for the current franchise tax year in view of the amendment of Article 7084, Revised Civil Statutes, 1925, by Article VIII, House Bill No. 8, Forty-seventh Legislature, which became effective May 1, 1941.

The question involved is one of statutory construction and it therefore becomes material to carefully consider the various statutory provisions and their history.

Prior to May 1, 1941, Article 7084, R.C.S., 1925, as amended 1931, levied a franchise tax upon domestic and foreign corporations at the rate of sixty cents per thousand dollars of the capital stock of such corporations from one dollar to one million dollars and at the rate of thirty cents per thousand on capital in excess of one million dollars. The minimum tax was $10.00.

Each corporation was required to file a sworn report with the Secretary of State as a basis for computing its tax between January 1st and March 15th of each year and upon its failure to file such report within the time required by law became subject to a penalty in the amount of ten per cent of the tax due. Article 7089 Revised Civil Statutes, 1925, as amended. Article 7091, Revised Civil Statutes, 1925, provides that, "Any corporation, either domestic or foreign, which shall fail to pay any franchise tax provided for in this chapter when the same shall become due and payable under the provisions of this chapter, shall thereupon become liable to a penalty of twenty-five per cent of the amount of such franchise tax due by such corporation." Under Article 7084 the tax at the rate mentioned was due and payable "on or before May 1st of each year. . . in advance."

Effective May 1, 1941, however, Article 7084 was amended by the Forty-seventh Legislature so as to provide a flat

rate of one dollar per thousand dollars taxable capital, provide a $20.00 minimum tax, and other changes not material here. The provision that the tax is due and payable on or before May 1st each year was left unchanged. The following provision was also added to the statute:

"Section 1a. It is further provided that upon the passage of this Act or as soon after as is feasible, the Secretary of State shall mail to all corporations required to pay the franchise tax under the provisions of this Act, supplemental forms for the purpose of computing franchise taxes as provided by this Act for periods from the effective date of this Act to May 1, 1942, and he shall also mail notice to the effect that for failure to file the necessary report and for failure to pay additional amounts which shall accrue as a result of the passage of this Act the right of such corporations to do business will be forfeited on September 1st next; provided that the statutory penalty of twenty-five (25) per cent shall not accrue against such additional amounts for failure to pay on or before May 1, 1941. The Secretary of State shall have the authority to promulgate such rules and regulations necessary to the immediate enforcement of this Act."

The Secretary of State has construed the statutes to mean that corporations are required to pay that portion of the tax which would have accrued under old Article 7084 on or before May 1, 1941, or become subject to a 25% penalty to that extent of the tax, and that they have until September 1st to pay, without penalty, that portion of the tax imposed by the amended Article 7084 which is in excess of the amount which would have been due under the Article before its amendment.

On the other hand it is contended by the taxpayer that the amendment completely superseded old Article 7084 so that no tax actually accrued thereunder but the tax was levied by virtue of the amendment so that the "tax liability on the basis of which the penalty is calculated and claimed in fact never accrued," and that the "corporation never became indebted for franchise tax in the amount on which penalty is claimed." It is further urged that the effect of the Secretary of State's construction is to "impose a penalty for non-payment of a liability which had in fact never accrued," and that "additional amounts" as used in Section 1a has reference to the entire tax imposed in Article VIII of House Bill No. 8. The meaning of

"such additional amounts" as used in Section 1a of the amend-
atory Act depends upon and must be determined by the context
and subject matter, and the evident intention of the Legis-
lature.  Every word of an enactment is intended to have been
used for a purpose and the statute will be construed with ref-
erence to its scope, general purpose, and the ends or objects
sought to be attained.  It is proper to consider the title,
contemporaneous history and conditions and facts then existing
and within the knowledge of the Legislature.  39 Tex.Jur. pp.
196, 206, 217 and 229.

As pointed out above corporations were required to
file their franchise tax reports by March 15, 1941, as a basis
for computing the tax at the rate provided in Article 7084 as
it then existed and those reports were on file with the Secre-
tary of State, except as to those corporations which were de-
linquent and had become subject to a ten per cent penalty for
late reports.  The tax based upon information  contained in
those reports at the rate prescribed prior to the amendment was
payable on or before May 1, 1941, and large numbers of taxpay-
ers had made payment under that statute, as in former years,
except those who were waiting until the last day to pay the tax
or who would become delinquent under the law as it then existed.
These are facts which the Legislature undoubtedly knew and which
we must presume it took into consideration when enacting House
Bill No. 8.

It will be noted that subdivision (a) of the statute
as amended does not provide that the tax therein levied shall
be due and payable to the Secretary of State on or before Sep-
tember 1st, but provides that each corporation "shall, on or
before May 1st of each year, pay in advance to the Secretary of
State a franchise tax for the year following."  Following the
taxpayer's reasoning that since the amendment became effective
on May 1st and superseded the former statute so that the fran-
chise tax for the current year accrued and was levied by virtue
of the amendment effective May 1st, it must be borne in mind
that under the express language of House Bill No. 8 the full
amount of the tax at the rate provided in the amendment became
due on May 1st, 1941, for the year ending April 30, 1942.  We
must presume the Legislature knew the provisions of our fran-
chise tax laws.  It was increasing the corporate franchise tax
and retaining the same delinquent date at a time when reports
for the lesser rate had been filed, large numbers of corpora-
tions had paid under the old rate in good faith and it would be
practically a physical impossibility for new reports to be filed
and taxes computed and paid at the increased rates for the cur-
rent year within the regular period provided by law.  This is
emphasized by the fact that House Bill No. 8 became effective
on the very last day that franchise taxes could be paid without

penalty. It was the obvious purpose of Section 1a of the amended Act to relieve against this situation.

Section 1a provides for "supplemental forms" for computing the tax under the amended statute from its effective date to May 1, 1942. It further provides that the right of a corporation to do business shall be forfeited on September 1st next, for failure to file the necessary report or to "pay additional amounts which shall accrue as a result of the passage of this Act." It is also provided that the usual 25% penalty for late payment "shall not accrue against such additional amounts for failure to pay on or before May 1, 1941."

When viewed in the light of the facts and circumstances surrounding the enactment of House Bill No. 8 we think it is clear that the "additional amounts" referred to in Section 1a of the amendatory Act has reference to only that portion of the tax levied therein which is in excess of the amount computed at the rate theretofore provided in the statute which it superseded. It will also be noted that Section 1a does not expressly alter the provisions in subdivision (a), that the tax shall be paid on or before May 1st each year in advance, but merely postpones the date of forfeiture from July 1st to September 1st and exempts the corporation from the penalty provisions on the "additional amounts" required to be paid by reason of the increased tax.

It is our opinion that under the provisions of Article 7084, Revised Civil Statutes, 1925, as amended by House Bill No. 8, Acts Forty-seventh Legislature, the 25% penalty for late payment provided in Article 7091 for failure to pay the franchise tax on May 1, 1941, was suspended only as to such amount of the tax levied under House Bill No. 8 which is in excess of what the tax would have been, computed upon the basis provided in Article 7084 prior to its amendment; and that the Secretary of State has properly demanded such penalty for late payment upon the amounts which would have accrued under the prior law where such sums were not paid on or before May 1, 1941.

APPROVED JUL 28, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ Cecil C. Cammack
Cecil C. Cammack, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CCC:LM:wb